UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:08CR405 CDP |
| | ) | |
| ZEUANTRAY VERNER BARRY, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the undersigned on defendant Zeuantray Barry's

motions to suppress evidence, motion to dismiss, and motions for severance.

Pretrial motions were initially referred to United States Magistrate Judge Frederick

R. Buckles under 28 U.S.C. § 636(b). After Judge Buckles held a hearing and

entered his Report and Recommendations on the motions, defendant retained

additional counsel who asked leave to file additional motions. I allowed the filing

of those motions, but did not re-refer the case to Judge Buckles, and instead heard

the motions myself. This order considers both the motions on which Judge

Buckles entered his Report and Recommendation and the newly filed motions.

Barry has objected to Judge Buckles' recommended rulings, and so I have

considered those motions *de novo*, including reviewing the transcript of the

hearing and considering all evidence presented to Judge Buckles. For the reasons

that follow, I conclude that all of defendant Barry's motions should be denied.

## **Motion to Dismiss Indictment**

Defendant filed a motion claiming "defect in the institution of prosecution" and a memorandum in support, which purports to challenge the grand jury proceedings. Neither of these documents provides any basis for relief. The motion argues that the indictment is too vague, and the memorandum asserts that false and misleading testimony was presented to the grand jury.

As Judge Buckles' correctly found, the indictment is sufficiently precise to inform defendant of the charges against him, to enable him to prepare a defense, avoid the danger of unfair surprise, and to plead the result of this case as a bar to further prosecution. Defendant's general arguments to the contrary must be rejected.

Defendant has failed to show that there was any false or misleading testimony presented to the grand jury. The grand jury testimony he quotes[1] is entirely consistent with the testimony that the law enforcement officers provided at Judge Buckles' suppression hearing. Barry has failed to show any basis for dismissing the indictment.

---

[1]No grand jury testimony was introduced into evidence, so this order is simply based on what defendant says happened before the grand jury.

## Motions to Sever

Barry has argued, in multiple motions, that he should not be subjected to a joint trial with his co-defendants. The government has indicated that it does not intend to introduce any statements that would implicate *Bruton v. United States*, 391 U.S. 123 (1968). Additionally, joinder of these defendants is proper under Rule 8, Fed. R. Crim. P., and defendant has provided no basis for his claim that he would be prejudiced if tried with the co-defendants. I will deny the motions to sever.

## Motions to Suppress Evidence

Defendant seeks to suppress evidence obtained through electronic surveillance (Title III wiretaps) as well as evidence seized during a traffic stop. Judge Buckles heard evidence on the traffic stop, which I have reviewed *de novo*. I also heard additional evidence regarding the traffic stop at my hearing. Judge Buckles did not consider the wiretaps, because no challenge was initially made to that evidence, and so I have considered that evidence and argument in the first instance.

Title III of the Omnibus Crime Control and Safe Streets Act of 1968, codified at 18 U.S.C. § 2510 et seq., provides for the interception of wire, oral and electronic communications under certain circumstances. Under that statute an

order for electronic surveillance may be entered by a United States District Judge upon the application of a federal law enforcement officer who has been authorized to make such application by the United States Attorney General or his authorized designee.  The application must include, among other things, a full and complete description of the facts relied upon, including details of the alleged offense, description of the facilities where the communications are to be intercepted, description of the communications sought to be intercepted, the identity of the persons whose communications will be intercepted, whether other investigative procedures have been tried, and the period of time for which the interception is requested.  The application must also indicate whether previous applications involving the same facilities, persons or places have been made.  18 U.S.C. § 2518(1).

Under 18 U.S.C. § 2518(3), the Court may issue the order only if it finds probable cause to believe that (1) a person is committing one of the crimes enumerated in 18 U.S.C. § 2516, (2) communications concerning such an offense will be obtained through interception, and (3) the place where the communications are to be intercepted is being used in connection with the commission of such an offense.  The Court must also find that normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or

appear to be too dangerous.  It is this last requirement that defendant Barry

challenges in this case.[2]

Section 2518(1)(c) requires the application to contain:

(c) a full and complete statement as to whether or not other
investigative procedures have been tried and failed or why they
reasonably appear to be unlikely to succeed if tried or to be too
dangerous.

As defendant correctly points out, the purpose of this requirement is to assure that

wiretaps are not "routinely employed as the initial step in an investigation."

*United States v. Maxwell*, 25 F.3d 1389, 1394 (8th Cir. 1994); *see also United*

*States v. Shaw*, 94 F.3d 438, 441 (8th Cir. 1996).  The cases make clear, however,

that the government "is simply not required to use a wiretap only as a last resort."

*United States v. Macklin*, 902 F.2d 1320, 1327 (8th Cir. 1990).

I have carefully examined the applications and affidavits which were used

to obtain the wiretaps and extensions of wiretaps in this case.  These wiretaps were

not used as an initial steps in the investigation, but instead were sought only after

the government had already developed information about the drug trafficking

---

[2]Although the motion makes reference to minimization, at the hearing
defendant clarified that he is *not* raising any claim that law enforcement agents
failed to comply with the duty to minimize any unauthorized interceptions
imposed by 18 U.S.C. § 2518(5).  *Cf. United States v. Padilla-Pena*, 129 F.3d 457
(8th Cir. 1997) (rejecting challenge to minimization).

activities of some of the defendants in this case, but before the government had learned the full extent of the criminal activity and people involved. Each application sets out in detail the evidence that had been obtained by traditional investigative means, and explained the limitations of the use of the various traditional means available. Other means would not have revealed the scope of the drug trafficking conspiracies, and were impracticable or dangerous for many reasons. Having carefully reviewed the applications in light of the controlling law, I conclude that there is no basis for suppressing the evidence obtained. The wiretaps were lawfully obtained, in full compliance with the statute in all respects.

Defendant also moves to suppress the drugs seized from the vehicle he was driving on August 16, 2007. This was the subject of Judge Buckles' hearing and Report and Recommendation. As stated above, I have conducted de novo review of the evidence, and have considered defendant's statement that, contrary to the testimony of the police officer, he did not consent to the search of the vehicle. I believe, as did Judge Buckles, that this was a lawful stop, and that defendant knowingly and voluntarily consented to the search of the vehicle. There is no basis for suppressing this evidence.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of

United States Magistrate Judge Buckles [#346] is **SUSTAINED, ADOPTED, and INCORPORATED** herein.

      **IT IS FURTHER ORDERED** that defendant's motions to suppress evidence and motion to suppress evidence obtained through electronic surveillance [#225, 295, 298, 360] are denied.

      **IT IS FURTHER ORDERED** that defendant's motions to sever or for separate trial [#224, 359] are denied.

      **IT IS FURTHER ORDERED** that defendant's motion to dismiss [#300] is denied.


_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 16th day of March, 2009.